UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CLAUDE RAY HULIN, #125152**                    **CIVIL ACTION**

**VERSUS**                                       **NO. 05-6300**

**BURL CAIN, ET AL.**                            **SECTION C**

<u>**ORDER AND REASONS**</u>

Before this Court is a petition for habeas corpus relief by Mr. Claude Ray Hulin ("Petitioner"), pursuant to 28 U.S.C. § 2254. As grounds for relief, Petitioner claims that (1) there was insufficient evidence; (2) evidence of another crime was improperly admitted during trial; (3) the jury instructions were deficient; (4) his right to confrontation and cross-examination were violated; (5) his sentence is excessive; (6) he was denied effective assistance of counsel; (7) the cumulative errors deprived him of a fair trial; and (8) he is actually innocent of the crime charged.

Upon a thorough review of the record, the memoranda, and the applicable law, the Court has determined that Petitioner's habeas corpus petition is without merit. For the reasons set forth below, this petition is DENIED.

**I. Background**

Petitioner, Mr. Claude Ray Hulin, is a state prisoner at the Louisiana State Penitentiary in

Angola, Louisiana..[1] Mr. Hulin was convicted of one count of simple escape, was adjudged a fourth felony habitual offender, and sentenced to life imprisonment at hard labor without benefit of probation or suspension of sentence.[2]

## II. Timeliness and Exhaustion

Generally, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a Petitioner bring his Section 2254 claims within one year of the date on which his conviction or sentence became final, 28 U.S.C. § 2244(d)(1)(A), and requires that a Petitioner exhaust all of his claims before filing a federal habeas petition. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). The state does not contest the timeliness of the petition[3] and does not contend that Petitioner failed to exhaust his state remedies.[4] Therefore this Court will address the merits of the petition.

## III. Standard of Review

The AEDPA comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact.[5] Provided that the state

---

[1] Fed. Rec. Doc. 1, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Hulin v. Cain*, No. 05-6300.

[2] State Rec., Vol. 4 of 5, Habitual Offender Adjudication and Sentence Affirmed, *State v. Hulin,* 2001-KA-0306 (La. Ct. App. 1st Cir. 2001).

[3] Fed. Rec. Doc. 11 at 6, Response to Habeas Corpus Petition, *Hulin v. Cain*, No. 05-6300.

[4] Fed. Rec. Doc. 11 at 7, Response to Habeas Corpus Petition, *Hulin v. Cain*, No. 05-6300.

[5]   28 U.S.C. §2254(d) :
   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was

court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  The United States Supreme Court has noted the following:

> §2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning.  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular          case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams v. Taylor*, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002) (internal citations omitted).

As to questions of fact, factual findings are presumed to be correct, and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also Hill*, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

**IV. Analysis**

---

adjudicated on the merits in State court proceedings unless the adjudication of the claim–
    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established  Federal law, as determined by the Supreme Court of the United States; or
    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**Insufficient Evidence**

Petitioner's first argument is that there was insufficient evidence to convict him of simple escape because there was insufficient evidence that he was under arrest at the time he left the police station.[6] He also argues there was insufficient evidence to adjudge him a multiple offender.[7]

The standard of review for an insufficient evidence claim in a federal habeas corpus proceeding is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Hughes v. Johnson*, 191 F.3d 607, 619 (5th Cir. 1999), *citing Jackson v. Virginia*, 443 U.S. 307 (1979). "All credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005), *quoting United States v. Cyprian,* 197 F.3d 736, 740 (5th Cir. 1999). The reviewing court is not authorized to substitute its interpretation of the evidence for that of the fact finder. *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).

Mr. Hulin was convicted by a jury of simple escape.  La. R.S. 14:110(A)(1) defines the offense of simple escape as "[t]he intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained from a place where such person is legally confined, from a designated area of a place where such person is legally

---

[6] Fed. Rec. Doc. 3, Amended Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody at 8, *Hulin v. Cain*, No. 05-6300. The Court notes that Petitioner filed an amended petition, which contains the same claims as in his first petition - the difference between the two petitions is the way they are organized.

[7] Fed. Rec. Doc. 3, Amended Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody at 32, *Hulin v. Cain*, No. 05-6300.

confined, or from the lawful custody of any law enforcement officer or officer of the Department of Public Safety and Corrections."

At trial, the jury considered evidence from three police officers. On the morning of the incident, the police were investigating Mr. Hulin as the perpetrator of a burglary. A group of officers went to Mr. Hulin's residence and spoke with Mr. Hulin and his girlfriend, Vanessa Fedele.[8] Mr. Hulin denied any knowledge of the burglary. The police advised Mr. Hulin and Ms. Fedele of their rights, placed them in handcuffs (because the officer asserted the car had no protective cage), and took them back to the police station. At that time, the police questioned them further, and placed both of them under arrest.[9] Detective Robert Juge testified that he advised Mr. Hulin he was under arrest.[10] After they were placed under arrest, the police separated them to take Ms. Fedele's statement and Mr. Hulin was "placed in the waiting area."[11] When the police went to retrieve Mr. Hulin, he was no longer there.[12] The police proceeded to search for Mr. Hulin with a canine, and found him crouching several hundred yards away from the building in a wooded area.[13] Mr. Hulin said "you got me," and raised his hands in the air

---

[8] State Rec., Vol. 1 of 5, Trial Transcript from May 19, 1998 at 11-12, State v. Hulin, No. 246759.

[9] *Id.* at 13.

[10] *Id.* at 14.

[11] *Id.* at 13, 20. The waiting area "has three chairs against the wall" and "is in the same building" as the police station. *Id.* at 18. Mr. Hulin was placed there because "Talisheek substation doesn't have a holding cell to lock you up" and officers "cannot lock [people] to a permanent fixture" to prevent escape. *Id*. at 19.

[12] *Id.* at 14.

[13] *Id.* at 23, 37-38.

when the police approached him.[14] After the testimony of three police officers, the state rested its case, and the defense did not present any witnesses.

As finder of fact, the jury has the sole authority and responsibility for weighing the evidence and determining the credibility of the witness testimony. *United States v. Green*, 180 F.3d 216, 220 (5th Cir. 1999); *United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998). "Juries are free to choose among all reasonable constructions of the evidence." *United States v. Chaney*, 964 F.2d 437, 448 (5th Cir. 1992). It is not the courts' role to second-guess the juries' determinations. *United States v. Guidry*, 406 F.3d 314, 318 (5th Cir. 2005). In this case, the jury found that the officers' testimony was credible. There was sufficient evidence presented such that a rational jury could find that Mr. Hulin intentionally departed the lawful custody of law enforcement officers. The verdict that Mr. Hulin was guilty of simple escape is not unreasonable and is solidly grounded in the evidence that was presented at trial.

Mr. Hulin was also convicted by a judge of being a fourth felony offender.[15] In order to

---

[14] *Id*. at 45.

[15] The following history of Mr. Hulin's multiple offender proceedings are taken from the Louisiana First Circuit's denial of Mr. Hulin's appeal: "The Defendant, Claude [] Hulin, was charged by Twenty-Second Judicial District Court bill of information #246759 with one count of simple escape, a violation of La. R.S. 14:110 A, and pled not guilty. [It seems as though Mr. Hulin was stopped and brought to a police station with his girlfriend, and later left the police station.] Following a jury trial, he was found guilty as charged. Thereafter, the State filed a habitual offender bill of information alleging that the defendant should be sentenced under the habitual offender law, La. R.S. 15:529.1, based on the following predicate offenses: on September 20, 1982, the defendant pled guilty to theft under Twenty-Second Judicial District court #37689 (first predicate); on December 23, 1987, the defendant pled guilty to simple criminal damage to property under Twenty-Second Judicial District Court #167738 (second predicate); on June 20, 1988, the defendant pled guilty to theft under Twenty-Second Judicial District Court # 170463 (third predicate); on June 27, 1989, the defendant pled guilty to simple burglary under Twenty-Second Judicial District Court # 176814 (fourth predicate); on June 27, 1989, the defendant pled guilty to simple burglary of an inhabited dwelling under Twenty-

prove habitual offender status, the state must present sufficient evidence of the predicate offenses relied upon in the multiple offender bill of information. *Ford v. Cain*, 2004 WL 2998560, *6 (5th Cir. 2004); *State v. Chaney*, 423 So.2d 1092, 1103 (La. 1982), *reh'g denied* (La. 1983). The state is also required to provide evidence that the defendant is the same person convicted of the prior felonies. *State v. Hawthorne*, 580 So.2d 1131, 1133 (La. App. 4 Cir.1991).

Louisiana law does not specify a particular method the state must use to prove that the defendant on trial is the same person convicted of the previous offense. The state may make such a showing in a variety of ways, including "by testimony of witnesses, by expert opinion as to the fingerprints of the accused when compared with those of the person previously convicted, by photographs contained in a duly authenticated record, or by evidence of identical driver's license number, sex, race, and date of birth." *State v. Henry*, 709 So.2d 322, 325 (La. App. 4th Cir.

---

Second Judicial District Court #180673 (fifth predicate); on November 17, 1989, the defendant pled guilty to simple escape under Orleans Parish Criminal District court # 337-404 (sixth predicate). . . At the habitual offender hearing, the State attempted to establish only the third, fourth, fifth, and sixth predicates. Additionally, the State conceded that the fourth and fifth predicates constituted only one predicate offense for habitual offender purposes because the defendant's guilty pleas to those predicates were entered on the same day. . . The trial court took judicial notice of the court records pertaining to the third, fourth, and fifth predicate offenses and adjudged the defendant to be a fourth felony habitual offender. The defendant was sentenced to life imprisonment at hard labor without benefit of probation or suspension of sentence.

The Defendant appealed to this Court, challenging the sufficiency of the State's proof and contending that the sentence imposed was excessive. This Court found the trial court was without authority to take judicial notice of the records pertaining to the third, fourth, and fifth predicates and that the State failed to otherwise sufficiently prove those predicates. Accordingly, [the court] reversed the fourth felony habitual offender adjudication . . .

Following a second habitual offender hearing, he was adjudged a fourth felony habitual offender and sentenced to life imprisonment at hard labor without benefit of probation or suspension of sentence. He moved for reconsideration of sentence, but the motion was denied.

[The court then went on to conclude that the] defendant's fourth felony habitual offender status was sufficiently established in this manner. . . There was no manifest abuse of discretion in the trial court's imposition of the sentence herein." State Rec., Vol. 4 of 5, Habitual Offender Adjudication and Sentence Affirmed, *State v. Hulin,* 2001-KA-0306 (La. Ct. App. 1st Cir. 2001).

1998); *State v. Neville*, 695 So.2d 534 (La. App. 4th Cir. 1997), *writ denied*, 704 So.2d 1180 (La. 1997) (find the comparison of biographical information from arrest registers to petitioner's biographical information sufficient to establish identity). Of particular relevance to this case, the Court has found that the comparison of fingerprints from prior arrests to later offenses is valid for the purposes of sentencing. *Baker v. Cain*, 2005 WL 578783, *4 (E.D. La. 2005) (quoting *State v. Baker*, 776 So.2d 1212, 1217 (La. App. 5 Cir. 2000)); *State v. Richmond*, 734 So.2d 33, 37 (La.App. 5 Cir.1999); *State v. Bell*, 709 So.2d 921, 926 (La. App. 5 Cir. 1998). The state's latitude is not without limit. Merely establishing that the defendant bears the same name as the person previously convicted is not considered sufficient evidence of identity. *State v. Curtis*, 338 So.2d 662 (La.1976).

The evidence presented at the multiple offender hearing included bills of information for each prior crime and expert finger print identification.[16] The Court does note that the bill of information for one of Mr. Hulin's previous offenses misspelled his name as "Claude Hulan."[17] However, because the birthdate, social security number, and fingerprints for that record matched Mr. Hulin's birth date, social security number, and fingerprints, it is unlikely that the documents referred to another person.

Based on the evidence presented at the multiple bill hearing and the Louisiana courts previous acceptance of such evidence, the record supports the state court's finding. This Court,

---

[16] State Rec., Vol. 3 of 5, Transcript of Proceedings on May 31, 2000 at 6-31. The fingerprints on the records identified as docket numbers 170463, 176814, 180673, and 337404 matched Mr. Hulin's. *Id.* at 21-24. The court took judicial notice of the fact that the defendant was the defendant who was tried before a jury in docket number 246759 and was convicted of simple escape because the court presided over that trial. *Id.* at 26, 34-36.

[17] *Id.* at 8-9, 35

therefore, rejects Petitioner's argument that the evidence was not sufficient to establish he was a

multiple offender.

### Other Crimes Evidence

Petitioner next argues that evidence of other crimes, particularly references made to the

underlying burglary by one of the witnesses, was improperly admitted during the trial.[18] Mr.

Hulin argues that the police officers' references to the fact that Mr. Hulin was arrested for

burglary when he escaped unfairly prejudiced the jury. The Court reviewed the references made

to the fact that Mr. Hulin was arrested for burglary when he escaped and finds that the references

were necessary to establish that he was in lawful custody of the police.[19] Mr. Hulin has not

shown that the remarks he complains of were improper or of such prejudicial character to render

his trial fundamentally unfair. *C.f. Donnelly v. DeChristoforo*, 416 U.S. 637, 644 (1974).

Further, to the extent that this claim can be considered as a challenge to the trial court

admitting references to the burglary, it is without merit.  As the United States Fifth Circuit noted

in *Castillo v. Johnson*, 141 F.3d 218, 222 (5th Cir.), *cert. denie*d 524 U.S. 979 (1998):

> [C]laims challenging the exclusion [or inclusion] of evidence based on state law ...
> (do) not afford a basis for federal habeas corpus relief.  Federal habeas corpus review
> is limited to errors of constitutional dimension, and federal courts do not sit to review
> the mere admissibility of evidence under state law.  *Jernigan v. Collins*, 980 F.2d
> 292, 298 (5th Cir. 1992), *cert. denied*, 508 U.S. 978, 113 S.Ct. 2977, 125 L.Ed.2d
> 675 (1993) ... Thus, in reviewing state court evidentiary rulings, the federal habeas
> court's role "is limited to determining whether a trial judge's error is so extreme that
> it constituted a denial of fundamental fairness" under the Due Process Clause.
> *Andrade v. McCotter*, 805 F.2d 1190, 1193 (5th Cir. 1986) (internal citations

---

[18] Fed. Rec. Doc. 3, Amended Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus
By Person in State Custody at 12, *Hulin v. Cain*, No. 05-6300.

[19] State Rec., Vol. 1 of 5, Trial Transcript from May 19, 1998 at 11-14, *State v. Hulin*,
No. 246759.

omitted).

 An error made by the trial judge justifies "habeas corpus relief only when it is material in the sense of [being a] crucial, critical, highly significant factor," such that the trial is rendered fundamentally unfair. *Andrade*, 805 F.2d at 1193. Assuming that the trial court erred in admitting the evidence, for the reasons stated above, the Court finds that the error was not so great as to deny Petitioner fundamental fairness.

## Jury Instruction

Petitioner's next argument is that the jury was insufficiently instructed when they were not given the definition of "lawful custody" nor the definition of a "place where [a] person is legally confined."[20] The trial transcript reveals the judge gave the following instructions:

> "Now, the defendant is charged with simple escape. Simple escape is defined as the intentional departure of a person imprisoned, committed, or detained from a place where such person is legally confined, from a designated area of a place where such person is legally confined, or from the lawful custody of any law enforcement officer. Thus, in order to find of the defendant guilty of simple escape, you must fine, one, that the defendant intentionally departed from the St. Tammany Parish Sheriff's Office Talisheek Substation, and two, that the defendant was, at the time of his intentional departure, lawfully detained at the St. Tammany Parish Sheriff's Office Talisheek Substation."[21]

Generally, the submission of improper jury instructions in a state criminal trial is not a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991); *see also Weeks v. Scott,* 55 F.3d 1059, 1065 (5th Cir. 1995). Federal habeas relief is warranted only where the petitioner demonstrates that "the ailing instruction by itself so infected the entire trial

---

[20] Fed. Rec. Doc. 3, Amended Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody at 14, *Hulin v. Cain*, No. 05-6300.

[21] State Rec., Vol. 1 of 5, Trial Transcript from May 19, 1998 at 81, *State v. Hulin*, No. 246759.

that the resulting conviction violates due process." *Estelle*, 502 U.S. at 72. When reviewing whether an allegedly erroneous jury instruction violated due process, the court's instruction "may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." *Id.* The court inquires "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." *Id.* Any errors are subject to harmless-error analysis. *Galvan v. Cockrell*, 293 F.3d 760, 765 (5th Cir. 2002).

Petitioner fails to demonstrate how the instruction on the elements of simple escape violated his due process rights. The judge accurately instructed the jury on the elements of simple escape. Although the judge did not define "lawful custody," the Court finds that this did not prejudice Petitioner. The question of whether Mr. Hulin was held lawfully was not raised at trial. His sole defense was that he was not actually arrested - he was free to leave the police station.[22] Therefore, the fact that the judge did not provide a definition of "lawful custody" did not prejudice Mr. Hulin.

### Right to Confrontation

Petitioner next argues that his right to confrontation and cross-examination were denied when Vanessa Fedele and Officer Dickie Jenkins did not testify, and instead, statements were introduced instead.[23] In particular, at trial Detective Juge read a portion of a recorded statement made by Ms. Fedele, stating:

---

[22] State Rec., Vol. 1 of 5, Trial Transcript from May 19, 1998 at 66-67, *State v. Hulin*, No. 246759.

[23] Fed. Rec. Doc. 3, Amended Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody at 16, *Hulin v. Cain*, No. 05-6300.

"'How is he related to you?' 'I been seeing him on and off for three years.' 'Is he your boyfriend.' 'Yes.' 'And what happened?' 'He said he was going in the house and see if they had any money or checks laying around.' 'He went in the house and came out with the TV.' Question, 'What were you doing when he was doing that?' 'Washing the car and putting water in it.' Were you in the vehicle?' 'Yes. Yeah.' The TV was recovered."[24]

The "Confrontation Clause of the Sixth Amendment, made applicable to the States through the Fourteenth Amendment, provides: 'In all criminal prosecutions, the accused shall enjoy the right. . . to be confronted with the witnesses against him." ' *Idaho v. Wright*, 497 U.S. 805, 813 (1990). Criminal defendants receive two valuable protections from the Confrontation Clause-the right to physically face those who testify against them and the right to cross-examine those witnesses. *Coy v. Iowa*, 487 U.S. 1012, 1016-17 (1988). "[T]he right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Pointer v. Texas*, 380 U.S. 400, 405 (1965).

A complaint that a petitioner was denied his right to confront witnesses and his right to cross examination "is subject to harmless error analysis under *Brecht v.. Abrahamson*[, 507 U.S. 619 (1993)]." *Rosales v. Cockrell*, 220 F.Supp.2d 593, 625 (N.D.Tex. 2001), *aff'd* No. 01-11388, 2002 WL 31016510 (5th Cir. Aug. 16, 2002), *and cert. denied*, 539 U.S. 960 (2003). Consequently, Mr. Hulin is entitled to relief on this claim only if he shows that his right to confrontation was violated and that "there is more than a mere reasonable possibility that the [error] contributed to the verdict." *Id.* (citations and internal quotation marks omitted).

The record indicates that Vanessa Fedele was subpoenaed on May 18, 1998.[25] It appears

---

[24] State Rec., Vol. 1 of 5, Trial Transcript from May 19, 1998 at 34, *State v. Hulin*, No. 246759.

[25] State Rec., Vol. 1 of 5, Trial Transcript from May 18, 1998 at 78-79, *State v. Hulin*, No. 246759.

as though she was ultimately not called to testify because she exercised her Fifth Amendment because there were pending charges against her in the underlying burglary.[26] Even if Mr. Hulin's right to confrontation and cross-examination were violated, he has not shown that the admission of the statement contributed to the verdict. Evidence relating to the burglary was admissible to demonstrate that the police had arrested Mr. Hulin, and testimony presented at trial demonstrated that he was arrested on suspicion of committing a burglary. Even if the admission of this particular statement was improper, it was duplicative of earlier testimony. Therefore, Mr. Hulin cannot establish that he was prejudiced by the admission of such evidence.

Petitioner also complains that he was denied his chance to confront a witness when Detective Juge made  references to Dickie Jenkins. The record reflects that the only reference made to Dickie Jenkins was then Detective Juge said "We told him he was under arrest. He was placed out there in the custody of Dickie Jenkins."[27] There was no out of court statement made by Dickie Jenkins that Detective Juge testified to during trial. Therefore, this Court finds that there is no merit to Petitioner's argument.

### Excessive Sentence

Petitioner next argues that his sentence was excessive because his predicate crimes are not crimes of violence.[28] "Although wide discretion is accorded a state district judge's sentencing decision and claims arising out of that decision are not generally constitutionally cognizable,

---

[26] *Id.* at 79;  Fed. Rec. Doc. 3, Affidavit of Vanessa Fedele, Amended Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Hulin v. Cain*, No. 05-6300.

[27] State Rec., Vol. 1 of 5, Trial Transcript from May 19, 1998 at 20, *State v. Hulin*, No. 246759.

[28] Fed. Rec. Doc. 3, Amended Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody at 20, *Hulin v. Cain*, No. 05-6300.

relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law." *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987), cert. denied,484 U.S. 1014 (1988); *Ford v. Cain*, 2004 WL 2998560, *7 (5th Cir. 2004). Even when a sentence is within statutory limits, it may still be unconstitutional if is grossly disproportionate to the crime or resulted from "a sentencing decision was wholly devoid of discretion or amounted to an 'arbitrary or capricious abuse of discretion,'. . . or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty." *Hines v. State*, 102 F.Supp. 2d 690, 698 (E.D. La.2000) ( quoting *Haynes*, 825 F.2d at 924).

In this case, petitioner's sentence falls within the statutory limit. LSA-R.S. 15:529.1(c) states: "[i]f the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then: (i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life." Petitioner satisfied the statutory requirements, having been found to be the same person convicted of four felonies, and was sentenced accordingly to life in prison.[29]

Having established that petitioner's sentence is within statutory limits, this Court further finds that the sentencing court did not abuse its discretion or impose an excessive sentence. In determining an appropriate sentence, the judge examined Mr. Hulin's record and found that "there would be an undue risk that the defendant would commit another crime," because of the

---

[29] State Rec., Vol. 3 of 5, Transcript of Proceedings on May 31, 2000 at 34-36.

fact that Mr. Hulin was convicted of numerous crimes starting in 1982, including possession of stolen property, unauthorized use of a movable, criminal damage to property, theft, disturbing the peace, remaining after forbidden, simple battery on a police officer, resisting arrest, burglary of an inhabited dwelling, D.W.I., careless operation, driving under suspension, and possession of drug paraphernalia.[30] The judge recognized that although these crimes were not "matters of violence," the judge found that Mr. Hulin's criminal history indicated that he had "a life of crime that can only be stopped by his incarceration for the rest of his life."[31] Based on these statements, it is clear that the sentencing court did not abuse or improperly apply its discretion in violation of federal law.

Nor did the sentencing court impose an excessive sentence given federal and state precedent. When determining whether a sentence is "grossly disproportionate," Fifth Circuit Courts traditionally look to *Rummel v. Estelle* as a benchmark. 445 U.S. 263 (1980); *State v. Gonzales,* 121 F.3d 928, 943 (5th Cir.1997), *cert. denied,* 522 U.S. (1998); *Hines,* 102 F.Supp.2d at 698. In *Rummel*, the Supreme Court upheld a life sentence for a third-felony offender convicted of passing a forged check, fraudulent use of a credit card, and obtaining money by false pretenses. 445 U.S. 263. Compared to *Rummel*, petitioner's current and predicate offenses are equally serious, indicating that his sentence is not contradictory to established federal law.

In light of such precedent and this Court's limited power to review the state court's sentencing determinations, the term imposed in this case is not unconstitutionally excessive or in violation of clearly established federal law. This Court, therefore, rejects Petitioner's claim that

---

[30] State Rec., Vol. 3 of 5, Transcript of Proceedings on May 31, 2000 at 36-38.

[31] State Rec., Vol. 3 of 5, Transcript of Proceedings on May 31, 2000 at 38.

the trial court imposed an excessive sentence.

### Ineffective Assistance of Counsel

Petitioner next argues that his counsel was ineffective when he failed to (A) object to the amendment of the bill of information on the day of trial;[32] (B) investigate and subpoena Vanessa Fedele as a defense witness;[33] and (C) request jury instructions on resisting arrest.[34]

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 697.

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001), *cert. denied*, 534 U.S. 1163 (2002). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998).  Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689. "[I]t is necessary to 'judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). Petitioner must overcome a strong presumption

---

[32] Fed. Rec. Doc. 3, Amended Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody at 25, *Hulin v. Cain*, No. 05-6300.

[33] Fed. Rec. Doc. 3, Amended Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody at 26, *Hulin v. Cain*, No. 05-6300.

[34] Fed. Rec. Doc. 3, Amended Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody at 27, *Hulin v. Cain*, No. 05-6300.

that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

In order to prove prejudice with respect to trial counsel, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." *Crockett*, 796 F.2d at 793.

Petitioner bears the burden of proof when asserting a claim for ineffective assistance of counsel. Petitioner "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

Objection to Amended Bill of Information

Petitioner first argues that his counsel was ineffective when he failed to object to the amendment of the bill of information on the day of trial.[35] The minute entry for May 18, 1998 reflects that before voir dire started, "the State amended the Bill of Information to read the

---

[35] Fed. Rec. Doc. 3, Amended Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody at 25, *Hulin v. Cain*, No. 05-6300.

charge as follows: 'R.S. 14:110 by the intentional departure from a place where the defendant was legally confined or detained from the lawful custody of a law enforcement officer of the St. Tammany Parish Sheriff's Department.' Counsel for the Defense had no objection to the amendment."[36]

Prior to the amendment, the bill of information read: "R.S. 14:110 Simple Escape, by the intentional departure from a place where the defendant is legally confined or detained from the lawful custody of a law enforcement officer or corrections officer, wherein human life is not endangered. Place of Confinement: St. Tammany Parish Jail, Detaining Agency: St. Tammany Parish Sheriff's Department."

Mr. Hulin cannot show that it was error for his attorney not to object to the amendment of the bill of information. The amended bill of information, although more clear, is not materially different from the original. Based on a review of the record, this Court finds there is no reason why Mr. Hulin would have been prejudiced by the amendment of the bill of information, because, in either form, the nature of the charges were clear to his counsel and, regardless of the specific wording, Mr. Hulin's defense would not have changed. Therefore, this Court finds this claim to be without merit.

Defense Witness

Petitioner argues that his attorney was ineffective for failing to subpoena Vanessa Fedele as a defense witness. However, the record demonstrates that she was subpoenaed, but failed to testify as a witness because she asserted her Fifth Amendment right. Therefore, Mr. Hulin's complaint as to Vanessa Fedele is without merit.

---

[36] State Rec., Vol. 1 of 5, Minute Entry May 18, 1998, *Hulin v. Cain*, No. 05-6300.

<u>Jury Instructions</u>

Petitioner also argues that his attorney was ineffective because he failed to request jury charges on resisting arrest.[37] However, the trial transcript indicates that Mr. Hulin did not argue that he was resisting arrest. The issue of resisting arrest never arose at trial. Thus, Mr. Hulin has not demonstrated how it was error or how he was prejudiced by his counsel's failure to request instructions concerning resisting arrest.

**Cumulative Error**

Petitioner argues that the effect of these multiple errors is sufficient to prejudice him.[38] In the Fifth Circuit, federal habeas relief can only be granted for cumulative errors in state trial court proceedings when the individual errors (1) involved matters of constitutional dimension rather than mere violations of state law; (2) were not procedurally defaulted; and (3) "so infected the entire trial that the resulting conviction violates due process." *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992). Claims without merit or that are not prejudicial, cannot be considered, regardless of the total number raised. *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996). This Court does not find that any errors of constitutional dimension occurred, and therefore, must deny Petitioner's claim on this ground.

**Actual Innocence**

Petitioner last claims that he is actually innocent of the charges of simple escape.[39]

---

[37] Fed. Rec. Doc. 3, Amended Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody at 27, *Hulin v. Cain*, No. 05-6300.

[38] Fed. Rec. Doc. 3, Amended Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody at 31, *Hulin v. Cain*, No. 05-6300.

[39] Fed. Rec. Doc. 3, Amended Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody at 33, *Hulin v. Cain*, No. 05-6300.

Petitioner does not argue any newly discovered evidence in support of his claim, but produces an affidavit from Ms. Fedele, which states that she would have testified that she and Mr. Hulin were not under arrest at the time he left the station.[40] However, claims of actual innocence are generally not cognizable in a federal habeas proceeding. As the United States Supreme Court noted in *Herrera v. Collins*, 506 U.S. 390, 416-417 (1993):

> Federal habeas review of state convictions has traditionally been limited to claims of constitutional violations occurring in the course of the underlying state criminal proceedings. Our federal habeas cases have treated claims of "actual innocence," not as an independent constitutional claim, but as a basis upon which a habeas petitioner may have an independent constitutional claim considered on the merits, even though his habeas petition would otherwise be regarded as successive or abusive. History shows that the traditional remedy for claims of innocence based on new evidence, discovered too late in the day to file a new trial motion, has been executive clemency.

Claims of actual innocence based on newly discovered evidence may provide habeas relief if the petitioner can establish an independent constitutional violation occurring in the underlying state criminal proceeding. *Townsend v. Sain*, 372 U.S. 293, 317 (1963). However, Petitioner does not allege any newly discovered evidence. Rather, he takes issue with the factual determination of the jury. "Federal courts are not forums in which to relitigate state trials." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). Therefore, the Court is precluded from reviewing this claim.

**V. Conclusion**

Having considered the complaint, the record, and the applicable law, it is determined that Petitioner has not established that his state conviction and sentence present grounds for the relief requested. Accordingly, IT IS ORDERED that the petition of CLAUDE RAY HULIN for writ of

---

[40] Fed. Rec. Doc. 3, Affidavit of Vanessa Fedele, Amended Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Hulin v. Cain*, No. 05-6300.

habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

New Orleans, Louisiana this 5th day of May, 2006.

HELEN G. BERRIGAN
U.S. DISTRICT JUDGE